IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Myra Charlene Horan,<br><br>                            Plaintiff,<br><br>v.<br><br>Brad Lee Coen; Vicki J. Snelgrove; Angela W. Abstance; and State of South Carolina,<br><br>                            Defendants. | C/A No. 1:22-cv-2017-SAL<br><br><br>**ORDER** |

This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Shiva V. Hodges, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.) ("Report"). [ECF No. 5.] In the Report, the magistrate judge recommends summarily dismissing this matter because the court lacks jurisdiction, and, even if the court has jurisdiction, certain parties are entitled to immunity, and the court should abstain from deciding this case. *Id.* at 4–8. Included with the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report. *Id.* at 9. On August 10, 2022, Plaintiff filed objections. [ECF No. 10.] This matter is ripe for review.

**BACKGROUND AND PROCEDURAL HISTORY**

The Report outlines the relevant facts and standards of law. [ECF No. 5 at 1–3.] This court incorporates those facts and standards in this order. To summarize, Plaintiff alleges that in 2016 she and Defendant Brad Lee Coen entered a contract regarding their divorce, alimony, and child custody. [ECF No. 1 at 9.] Based on the pleadings, Plaintiff and Coen's obligations were changed by state court decisions issued in Tennessee in 2018 and 2019, but those decisions are on appeal in Tennessee. *Id.* at 8–9. On June 28, 2021, Plaintiff sent a cease-and-desist letter to the South

1

Carolina Department of Social Services. *Id.* at 10. Plaintiff alleges that, on September 1, 2021, Defendant Vicki J. Snelgrove "held an ex parte hearing to enforce the erroneous 'child support' request of Defendant Coen . . . ." *Id.* Plaintiff further alleges she appeared at a contempt hearing before Defendant Angela W. Abstance on March 22, 2022, and was "threaten[ed]" based on Plaintiff's failure to comply with an order made in the September 1st hearing. *Id.* Plaintiff alleges both federal constitutional and state-law claims. She also alleges diversity jurisdiction.

The magistrate judge recommends this court summarily dismiss this case. First, the magistrate judge concludes that Plaintiff has not properly pleaded diversity jurisdiction, so the court does not have diversity jurisdiction over her claims. [ECF No. 5 at 4.] Second, the magistrate judge notes that Defendants Snelgrove and Abstance should be dismissed based on judicial immunity. *Id.* at 4–5. Finally, the magistrate judge determines that, depending on whether the family court matters are either pending or resolved, abstention is appropriate. *Id.* at 5–8.

Plaintiff has filed objections to the Report. [ECF No. 10.]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been *specifically* objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). Absent objections, the court need not provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the

recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

"An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Dunlap v. TM Trucking of the Carolinas, LLC*, No. 0:15-cv-04009, 2017 WL 6345402, at *5 n.6 (D.S.C. Dec. 12, 2017) (citation omitted). Thus, "[i]n the absence of *specific* objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (D.S.C. 2009).

## DISCUSSION

The magistrate judge has recommended summary dismissal of this action, in whole or in part, based on (1) the lack of properly pleaded diversity jurisdiction, (2) judicial immunity, and (3) abstention. The court addresses each of these issues below but takes them out of turn to simplify the analysis.

**I.     Immunity**

   **A.     Defendants Snelgrove and Abstance**

Defendants Snelgrove and Abstance are entitled to judicial immunity. Judges have immunity from a claim for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985). But more than that, "judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles*, 502 U.S. at 11 (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). For that reason, "judicial immunity is not overcome by allegations of bad faith or malice . . . ." *Id.* (citing *Pierson v. Roy*, 386 U.S. 547, 554 (1967) ("[I]mmunity applies even when the judge is accused of acting maliciously and corruptly . . . .")). The Supreme Court has established the following limited

3

circumstances in which judicial immunity can be overcome: "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction." *Id.* (internal citations omitted).

In her objections, Plaintiff recognizes this law, but she argues judicial immunity is not applicable here because the state court lacked subject matter jurisdiction for three reasons: (1) it lacked personal jurisdiction; (2) "[t]here was never any legal and/or lawful order for child support upon which the court was claiming to act upon[;]" and (3) "[c]hild support has been ruled unconstitutional in many courts and is not a judicial function, but an administrative function on behalf of the State as a means to self-profit." [ECF No. 10 at 2–5.] The court examines each of these reasons in turn.

First, Plaintiff asserts the state court had no personal jurisdiction over her because she "was never summoned to the process in any manner whatsoever and Defendants proceeded *ex parte*." *Id.* at 2. She then claims, "no due process notice equates to no personal jurisdiction. No personal jurisdiction equates to no subject matter jurisdiction." *Id.* Plaintiff is not correct. Personal jurisdiction and subject matter jurisdiction are not one and the same. *See Schmitigal v. Twohig*, No. 9:19-cv-01511-DCN, 2020 WL 2468754, at *3 (D.S.C. May 13, 2020) (explaining "subject matter jurisdiction stands as a constitutional limitation on the court's general power to adjudicate," but "personal jurisdiction is a 'matter of individual liberty'" and may be waived (quoting *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 694 (1982))). The alleged lack of personal jurisdiction does not affect the applicability of judicial immunity. *See Smith v. Smith*, 2007 WL 3025097, at *5 ("A judge acts in the complete absence of all jurisdiction only 'if the

matter upon which he acts is clearly outside the *subject matter jurisdiction* of the court over which he presides.'" (quoting *King v. Love*, 766 F.2d 962, 965 (6th Cir. 2985) (emphasis added))).

Second, Plaintiff alleges there was no subject matter jurisdiction because there was no lawful child support order for the court to act on. [ECF No. 10 at 3.] However, even assuming Plaintiff is correct that there was some fatal flaw in a state court order enforced by Defendants Snelgrove or Abstance, that does not void their entitlement to judicial immunity. The Fourth Circuit has made clear that "the absolute immunity extended to a judge performing a judicial action is not in any way diminished even if his or her 'exercise of authority is flawed by the commission of grave procedural errors.'" *King v. Myers*, 973 F.2d 354, 357 (4th Cir. 1992) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). The operative question is "'whether at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him,'" not whether there was some error in the process. *Id.*

This leads to Plaintiff's third argument—that child support has been rendered unconstitutional and is not a judicial function. [ECF No. 10 at 4–5.] The cases Plaintiff cites in her argument do not stand for that proposition. *See id.* (citing cases about government entering into commercial business or courts setting bail fees to fund themselves). Nor has Plaintiff offered any controlling law to support her contention that child support is unconstitutional. In South Carolina, "[t]he subject matter jurisdiction of the family court is limited to what is 'expressly or by necessary implication conferred by statute.'" *McLeod v. Starnes*, 723 S.E.2d 198, 205 (S.C. 2012) (quoting *State v. Graham*, 532 S.E.2d 262, 263 (2000)). Under South Carolina statute, the family court has exclusive jurisdiction over domestic matters, such as child support. S.C. Code Ann. § 63-3-530.

For all these reasons, Plaintiff's objections to the magistrate judge's finding of judicial immunity are overruled. Defendants Snelgrove and Abstance are entitled to absolute immunity.

**B.      State of South Carolina**

The complaint also names the State of South Carolina as a Defendant. There are many reasons Plaintiff's claims against South Carolina must be dismissed. Foremost and dispositive of all claims against the State, the State of South Carolina is immune from suit. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) ("'[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.'" (quoting *Emps. v. Missouri Pub. Health & Welfare Dep't*, 411 U.S. 279, 280 (1973)); *see also Erwin v. S.C. Dep't of Prob., Parole and Pardon Servs.*, No. 6:16-cv-01081-RBH-KFM, 2016 WL 11410925, at *1 (D.S.C. June 6, 2016) ("[A] state must expressly consent to suit in a federal district court, which South Carolina has not done."). South Carolina is thus also summarily dismissed from this action.[1]

**II.     Remaining Claims Against Defendant Coen**

The only remaining Defendant is Defendant Coen, Plaintiff's ex-husband. From the complaint, it appears Plaintiff raises all of her causes of action against him—(1) deprivation of due process under Amendment V, XIV; (2) tortious impairment with contract obligations; (3) tortuous intervention; (4) tortious breach of contract; (5) abuse of process; (6) extortion by threat of imprisonment for debt; and (7) intentional infliction of emotional distress.

---

[1] Another issue is that the State of South Carolina is not a proper defendant for a § 1983 action. *See Strickland v. S.C. Highway Patrol*, 2018 WL 1955128, at *1 (D.S.C. Mar. 30, 2018) ("It is well settled that only 'persons' may act under color of state law, so a defendant in a § 1983 action must qualify as a 'person.'").

### A. Dismissal of § 1983 Claims

As an initial matter, as much as Plaintiff attempts to hold Coen liable for violating her constitutional rights, she has not stated a plausible claim for relief. Coen is not a state actor and thus not liable under 42 U.S.C. § 1983 for violating Plaintiff's constitutional rights. *See Holly v. Scott*, 434 F.3d 287, 291 (4th Cir. 2006) ("The Bill of Rights is a negative proscription on *public* action—to simply apply it to private action is to obliterate 'a fundamental fact of our political order.' Statutory and common law, rather than the Constitution, traditionally govern relationships between private parties." (internal citation omitted)); *Goldstein v. Chestnut Ridge Volunteer Fire Co.*, 218 F.3d 337, 341 (4th Cir. 2000) ("With few exceptions, constitutional guarantees, including those of individual liberty and equal protection, 'do not apply to the actions of private entities.'" (quoting *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 619 (1991))). Thus, claim one is dismissed, and, to the extent the other claims allege Coen violated Plaintiff's constitutional rights, they too are dismissed. Thus, there is no remaining basis for federal jurisdiction in this case.

### B. Abstention

As outlined by the magistrate judge, either *Younger* abstention or *Rooker-Feldman* abstention is appropriate in this case. [ECF No. 5 at 5–8.] Because it is unclear from the complaint whether the family court matters were ongoing, the magistrate judge offered both alternatives in the Report.

Under the *Younger* abstention doctrine, federal courts are precluded from intervening in ongoing state criminal proceedings "except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996) (citing *Younger v. Harris*, 401 U.S. 37, 45 (1971)). Since *Younger*, the Supreme Court has clarified that *Younger* abstention also

7

applies "'to noncriminal judicial proceedings when important state interests are involved.'" *Harper v. Pub. Serv. Comm'n of W. VA.*, 396 F.3d 348, 351 (4th Cir. 2005) (referencing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)).

The *Rooker-Feldman* doctrine prohibits United States District Courts "with the exception of habeas corpus actions, from sit[ting] in direct review of state court decisions." *Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997) (citing *D.C. Ct. of App. v. Feldman*, 460 U.S. 462, 483 n.16 (1983)). "Under the *Rooker-Feldman* doctrine, a 'party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court.'" *Smalley v. Shapiro & Burson, LLP*, 526 F. App'x 231 (4th Cir. 2013) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

In her objections, Plaintiff asserts *Younger* abstention is not applicable because the state court matter was dismissed for lack of personal jurisdiction. Plaintiff did not make clear in the complaint that all of the state court matters in Tennessee and South Carolina have been resolved. That said, if that is the case, the court agrees that *Younger* abstention would not apply at this time.

If the underlying state court actions are resolved, the *Rooker-Feldman* doctrine applies to Plaintiff's claims as articulated. For example, Plaintiff seeks several declarations by this court related to her South Carolina and Tennessee state court matters (i.e., to "issue declaration that the October 6, 2016, contract stands as the sole valid, binding and enforceable contract between Plaintiff and Coen"), and those are barred by the *Rooker-Feldman* doctrine.

Plaintiff objects to the application of the *Rooker-Feldman* doctrine because she claims the South Carolina matter was dismissed in her favor for lack of personal jurisdiction. But her arguments fail to acknowledge that the Tennessee state court order is also integral to her state-law claims. "*Rooker-Feldman* bars not only direct review of issues actually decided by the state court,

but also consideration of those claims which are 'inextricably intertwined' with state court decisions." *Brown & Root, Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000). As articulated, her claims would require federal review of the Tennessee state court decision or would produce a result that contradicts the result reached in the state court. *Cf. Fulmer v. South Carolina*, No. 1:22-cv-4178-MGL-JDA, 2022 WL 18135241, at *3–4 (D.S.C. Dec. 2, 2022) (finding *Rooker-Feldman* doctrine barred a complaint that "[a]t its core . . . assert[ed] that Plaintiff [was] entitled to relief because he was subject to unfair child support proceedings conducted in the state family court . . ."), *adopted by* No.: 1:22-4178-MGL, 2023 WL 112754 (D.S.C. Jan. 5, 2023). The foundation of Plaintiff's state-law claims against Coen is that the Tennessee court order is void, and *Rooker-Feldman* bars those claims.[2]

---

[2] As noted in the Report, there are also problems with how Plaintiff has pleaded diversity jurisdiction. The magistrate judge has found, and the court agrees, Plaintiff has not properly pleaded diversity. For this court to have diversity jurisdiction, the matter in controversy must exceed the sum or value of $75,000, and it must be between "citizens of different states." 28 U.S.C. § 1332(a)(1). As explained by the magistrate judge, "[a]lthough Plaintiff alleges Coen is a citizen of Idaho, she does not state the citizenship of any other party." [ECF No. 5 at 4.] Plaintiff, Snelgrove, and Abstance all have South Carolina addresses, which the magistrate judge notes is "not definitive on citizenship . . . ." *Id.* The complaint also alleges Plaintiff brings the suit by her "sovereign authority as one of the people of Tennessee . . . ." ECF No. 1 at 20; s*ee Axel Johnson, Inc. v. Carroll Carolina Oil Co.*, 145 F.3d 660, 663 (4th Cir. 1998) ("[S]tate citizenship for purposes of diversity jurisdiction depends not on residence, but on national citizenship and domicile, and the existence of such citizenship cannot be inferred from allegations of mere residence, standing alone." (internal citation omitted)).

In her objections, Plaintiff asserts she "is domiciled in Tennessee with a mailing address in South Carolina, . . . and Coen is a resident/citizen of Idaho . . . ." [ECF No. 10 at 1.] Plaintiff cannot amend her complaint by alleging her domicile and citizenship in response to the Report, and this objection is overruled. *See Butler v. Pennington*, No. 2:15-4455-BHH, 2019 WL 1614834, at *9 (D.S.C. Apr. 16, 2019) ("Plaintiff cannot amend his complaint by way of objections to a Report and Recommendation on a motion for summary judgment."). If this was the sole basis for dismissal, the court would allow Plaintiff to amend her complaint to cure the pleading deficiency. Fed. R. Civ. P. 15(a) (stating leave to amend a pleading "shall be freely given when justice so requires"). However, there are other issues with Plaintiff's remaining state-law claims that cannot be cured by re-pleading.

9

**CONCLUSION**

For the reasons set forth above, the Report [ECF No. 5] is adopted and incorporated. As a result, Defendants Snelgrove, Abstance, and the State of South Carolina are summarily **DISMISSED** with prejudice and without issuance and service of process. Likewise, the remaining claims against Defendant Coen are **DISMISSED** with prejudice and without issuance of service of process.

**IT IS SO ORDERED.**

August 21, 2023　　　　　　　　　　　　　　　　Sherri A. Lydon
Columbia, South Carolina　　　　　　　　　　　United States District Judge